CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **FRANK E. REID,** ) | |
| Plaintiff, ) | Case No. 7:24-cv-00382 |
| ) | |
| v. ) | |
| ) | **By: Michael F. Urbanski** |
| **VADOC INVESTIGATOR BENTLEY,** ) | Senior United States District Judge |
| **et al.,** ) | |
| Defendants. ) | |

## ORDER

Frank E. Reid, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. His original complaint named as defendants "Every Employee" of the Virginia Department of Corrections (VDOC), and it sought injunctive relief in the form of an "immediate transfer" to Deerfield Correctional Center or "release from confinement in 60 days." Compl., ECF No. 2, at 1. Based on the relief requested, the complaint also was docketed as a motion for preliminary injunctive relief. ECF No. 2. For the following reasons, the motion is denied.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. In Winter, the Supreme Court "made clear that each of these four factors must be satisfied to obtain preliminary injunctive relief" and that it is "unnecessary to address all four factors when one or more ha[s] not been satisfied." Henderson v. Bluefield

Hosp. Co., LLC, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (citing Winter, 555 U.S. at 20, 23).

Applying these principles, the court concludes that Reid's motion must be denied. The motion does not address any of the requirements set forth in Winter, much less make a clear showing that Reid is entitled to the requested injunctive relief. To the extent that Reid seeks to be released from incarceration, such relief is not available in a civil rights action under § 1983. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); see also Lacy v. Indiana, 564 F. App'x 844, 845 (7th Cir. 2014) ("Section 1983 does not allow a federal court to change a prisoner's release date."). To the extent that Reid alternatively seeks to be transferred to Deerfield Correctional Center, "the decision about where to house any particular inmate is generally committed to the discretion of the state's prison officials, and a federal court must show deference to such decisions." Ofori v. Fleming, No. 7:20-cv-00344, 2021 WL 4527248, at *3 (W.D. Va. Oct. 4, 2021). While Reid may believe that he would receive more favorable treatment at Deerfield, has not shown that the public interest would be served by requiring prison officials to transfer him to that facility. See Taylor v. Freeman, 34 F.3d 266, 274 & n.1 (4th Cir. 1995) (vacating a preliminary injunction and noting that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators"); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (observing that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration") (internal quotation marks omitted).

For these reasons, it is hereby **ORDERED** that Reid's motion for preliminary injunctive relief, ECF No. 2, is **DENIED**. The Clerk is directed to send a copy of this order to Reid.

It is so **ORDERED**.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 20:17:18
-05'00'

Michael F. Urbanski
Senior United States District Judge